UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. CR-2-96-31 |
| | ) | |
| BOBBY COOK | ) | |

## **O R D E R**

This supervised release revocation matter came before the Court on July 17, 2006, for a hearing at which time the defendant conceded the factual allegations contained in petition for warrant for offender under supervision. It was undisputed that the defendant's violation guideline range is now four (4) months to ten (10) months, however, the defendant is subject to a maximum sentence of twenty-four (24) months under Title 18 §3583(e)(3) of the United States Code.

Based upon the defendant's stipulation, the Court **FINDS** that the defendant has violated the conditions of his supervised release as set forth in the Petition for Warrant for Offender Under Supervision.

The Court has carefully considered the policy statements of Chapter 7 of the United States Sentencing Commission Guidelines which reflect a revocation range of four to ten months. Because the policy statements of Chapter 7 of the U.S.S.C.G. are a policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *U.S. v. West,* 59 F.3d 32 (6th Cir. 1995). Nevertheless, the Court finds that a sentence within the guideline range is appropriate, and it is **ORDERED** that the defendant is sentenced to serve a term of six (6) months of incarceration to be followed by thirty (30) months supervised release. The defendant shall comply with the following special conditions of his supervised release:

1. The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

2. The defendant shall participate in a program of sex offender mental health treatment, as directed by the probation officer, until such time as he is released from the program by the probation officer. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of informa-

tion to the United States Probation Officer and to authorize open communication between the probation officer and the treatment provider.

3. The defendant shall have no direct or third party contact with the victims or any other children under the age of 18 without the prior written consent of the probation officer.

4. The defendant shall not possess any printed photographs or recorded material that he may use for the purpose of deviant sexual arousal, nor shall he frequent any places where such material is available to him for the purpose of deviant sexual arousal.

5. The defendant shall submit to any program of psychophysiological assessment at his own expense at the discretion of the probation officer to include the use of the Polygraph and the Plethysmograph to assist in treatment, planning, and case monitoring. Any refusal to submit to such assessment as scheduled is a violation of the conditions of supervision.

6. The defendant shall submit his person, residence, vehicle, or any area over which he exercises control to a search conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, without prior notice or search warrant, to determine if the defendant is in compliance with the condition of supervision which prohibits his possession of pornographic materials. Refusal to submit to such search is a violation of the conditions of supervision. The defendant shall warn anyone with whom he shares residence that the premises may be subject to searches pursuant to this condition.

7. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer.

8. The defendant shall not be at any residence where children under the age of 18 are residing, without the prior written permission of the probation officer, nor shall you frequent or remain about any

place where children under the age of 18 normally congregate, or any business which targets child customers.

9. The defendant shall not accept any employment or participate in any volunteer activities requiring unsupervised contact with children under the age of 18.

10. The defendant shall not possess or use a computer at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any public or private computer network. Any approval by the probation officer shall be subject to any conditions set by the probation officer with respect to that approval.

11. The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon the defendant.

12. The defendant shall be placed on home detention for a period of ten (10) months, to commence within 30 days of release from

5

imprisonment. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without any "call forwarding," "caller ID," "call waiting," modems, answering machines, cordless telephones or other special services for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Office. The defendant is to pay for this service at the current daily rate.

The Court **RECOMMENDS** that the Bureau of Prisons provide the defendant with whatever mental health testing and treatment might be available, including sex offender counseling, that the defendant receive credit for time served since his arrest on the warrant for offender under supervision, and that the defendant be designated to a facility as close as possible to his home, preferably Manchester or Lexington, Kentucky, or a local facility. The defendant is **REMANDED** to the custody of the United States Marshal.

    ENTER:

                                             s/J. RONNIE GREER
                                  UNITED STATES DISTRICT JUDGE